UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KIMBERLY J. SOUTHERLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:14-cv-01177-TWP-MJD |
| ) | |
| CAROLYN W. COLVIN, ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON EAJA FEE REQUEST**

The matter before this Court is Plaintiff's, Kimberly J. Southerland ("Ms. Southerland"), Motion for Attorney Fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) ("EAJA"). On September 25, 2009, Southerland filed an application for Disability Insurance Benefits ("DIB") (Filing No. 8-5 at 2-4.)  Upon judicial review, on December 29, 2015, the Court found that the ALJ inadequately explained the weight given to the opinions from Southerland's treating physician and the matter was remanded to allow the ALJ to provide a more detailed explanation regarding the apparent inconsistencies in the opinion evidence." (Filing No. 16 at 13.)

Following the Court's entry, Southerland filed a motion for attorney's fees pursuant to the EAJA. (Filing No. 18 at 1.) On January 6, 2015, the Defendant, Carolyn Colvin, Commissioner of the Social Security Administration ("Commissioner"), filed a response to Southerland's motion indicating that the Government did not object. (Filing No. 19.)

Southerland seeks $4,111.71 in EAJA fees, billing at a rate of $186.05 per hour, for 22.1 hours of legal work by her attorney and $400.00 in reimbursement for the District Court filing fee payable from the Judgment Fund pursuant to 31 U.S.C. § 1304. (Filing No. 18-3.)  For the following reasons, the Court grants in part Southerland's motion for EAJA fees.

1

## I. DISCUSSION

The Equal Access to Justice Act ("EAJA") provides, in relevant part, that

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The substantial justification standard requires the Commissioner to establish that her position was substantially justified. *Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009).

In her response to Southerland's motion for attorney fees, the Commissioner did not establish that her position was substantially justified; rather, the Commissioner states that she does not object to the Plaintiff's motion. The Court interprets the Commissioner's action as her conceding this issue. Accordingly, the Court considers an EAJA award to be appropriate and the amount requested to be reasonable.

However, the Court considers Southerland's argument that she is also entitled to $400.00 in reimbursement under 28 U.S.C. § 1304 to be insufficiently briefed. That statute allows for the payment of costs when "payment is not otherwise provided for". 28 U.S.C. § 1304. In this regard, Southerland has made no effort to demonstrate or explain why the EAJA award does not fully cover her costs. Accordingly, the Court does not consider the additional $400.00 award to be appropriate.

## II. CONCLUSION

For the aforementioned reasons, this Court now **GRANTS IN PART** Southerland's motion for attorney fees under the Equal Access to Justice Act. (Filing No. 18.) Accordingly, the

Court awards Southerland's attorney fees and costs under 28 U.S.C. § 2412(d) in the amount of $4,111.71.

In addition, Southerland produced a signed Attorney Retainer Agreement indicating agreement assigning an EAJA award to her attorney. (Filing No. 18-5.) Further, Southerland asserts that she does not have any outstanding debt subject to collection with the federal government. Accordingly, the Commissioner shall direct that the EAJA award be made payable to Southerland's counsel, consistent with the fee agreement on record. *See Astrue v. Ratliff*, 50 U.S. 586, 597 (2010) ("the Government has . . . continued the direct payment practice only in cases where the plaintiff does not owe a debt to the government and assigns the rights to receive the fees to the attorney").

**SO ORDERED.**

Date: 1/19/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Dustin Allen Schock
BINDER and BINDER
fedcourt@binderlawfirm.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov